## John W. Ardinger et al.

## v.

## David Wright.

*Warehousemen—Grain—Destruction by Fire—Sale—Bailment.*

1.   Independent of the provisions of the constitution and statutes respecting public warehouses, it is competent for an owner of grain and a warehouseman to agree that the latter may mix said grain with other of the same grade, and hold for the owner, and at his risk, an equal amount of that grade with or without compensation, until it shall be called for by him, or the warehouseman shall take it as a purchaser, and the delivery under such arrangement will only be a bailment.

2.   In an action brought to recover the value of a lot of wheat destroyed by fire while in the hands of warehousemen, the plaintiff contending that the transaction was a sale and not a bailment, this court holds, in view of the refusal to give an instruction asked by the defendant touching the terms of the delivery, that the verdict for the plaintiff can not stand.

[Opinion filed September 20, 1890.]

In error to the Circuit Court of Greene County; the Hon. George W. Herdman, Judge, presiding.

Mr. W. M. Ward, for plaintiffs in error.

We insist that the mill or elevator of defendants was a public warehouse and is so declared to be by the Constitution of this State (Constitution 1870, Article 13, Sec. 1), and that the defendants are not responsible for the loss by fire, it not being claimed that reasonable care and vigilance was not exercised by defendants.   Chap. 114, Statute of Ill., Sec. 16.

The old common law rule that the identical property must be returned by the bailee, if held to apply to grain in store, has become changed by the organic law of this State, and the mingling of the grain makes no difference; all the depositor was entitled to was the same quantity of the same grade; the property remained that of the depositor.   Nat. Bank of Pontiac v. Langan, 28 Ill. App. 401, and case cited.

The latest adjudication of our Supreme Court, under the organic law of this State and the statute of this State, we insist, settled the question in this case—that the wheat deposited by defendant in error with plaintiffs in error was the property of the depositor.   See German Nat. Bank v. Meadowcroft, 95 Ill. 124;  Canadian Bank v. McCrea et al., 106 Ill. 281.

Had the wheat been mixed with other wheat without the consent of the depositor, even then the title remained in the bailor.   First Nat. Bank of Elgin v. Schween et al., 127 Ill. 573.

Mr. James R. Ward, for defendant in error.

Sec. 1, Art. 13, of the Constitution, declares unchangeably, so far as the power of the Legislature extends, what shall be held to be "public warehouses."   By it—"All elevators or storehouses where grain or other property is stored for a compensation, whether the property stored be kept separate or not, are declared to be public warehouses."   The evidence failed to establish that the mill of plaintiffs in error was a public warehouse within the meaning of this provision of the Constitution.   The evidence clearly establishes that the wheat was received into the mill to be held for thirty days free of charge and that afterward the arrangement was changed, the wheat was shipped or ground into flour, and no charges for storage were made or even claimed.   The wheat was not, "stored

for a compensation," as prescribed in the Constitution. Furthermore the law of public warehouses in this State contemplates the keeping of the identical wheat in store, which plaintiffs in error did not pretend to do; it prohibits the warehouseman or person in possession or control of such wheat from selling, incumbering, shipping or removing such property from the store, and subjects him for so doing to imprisonment in the penitentiary for a term not less than one year nor more than ten years, and other penalties. Secs. 124, 125, Chap. 38, Criminal Code, and Sec. 157, Chap. 114, Hurd's R. S. The term "stored," as used in the Constitution and the statutes refers to the condition of property deposited in an elevator or storehouse, as a repository, for safe keeping, and does not contemplate the sale, transfer, disposition or conversion of the property so stored by the person in control or possession of such elevator or storehouse.

There was no effort at the trial to prove a state of facts falling within the constitutional definition so as to invoke the aid of Sec. 148, Chap. 114, *supra*, which applies only to "public warehouses" as defined by the Constitution. Indeed, it would have been dangerous to plaintiffs in error to have attempted to do so.

But by Secs. 158, Chap. 148, *supra*, the common law remedy sustained in Richardson v. Olmstead, 74 Ill. 213, is saved, which was overlooked and not considered in Langan's case, 28 Ill. App. 481.

PLEASANTS, J.   During the summer and fall of 1882, Wright delivered to Ardinger, Piper & Co., the plaintiffs in error, at their mill in Carrollton, some twelve hundred bushels of wheat. On the 25th of November, the mill with most of its contents was burned, without fault on their part. Wright brought this suit in assumpsit for the value of the wheat he had delivered, and recovered judgment on a verdict for $826.95.

The arrangement for the delivery of the wheat was made between Wright and Piper, and they differ materially as to its terms. Wright testified that he was not to pay anything

for storage the first thirty days, but so much per month thereafter, or they were to have the wheat at the market price; that subsequently they changed the arrangement to pay for storage after thirty days, and he paid no storage; that Piper told him, probably in September, they had used the wheat; that two or three days before the fire he went to them and asked a settlement, and they said they would settle at the bank on Saturday; but they did not settle; that Piper was at the bank, but he (plaintiff) was not; and that such wheat was worth eighty-seven cents.    It was further shown that the wheat was received as No. 2 St. Louis grade; that it was put in a bin with other wheat of the same grade; and that defendants sold and shipped wheat from that bin after the mixture.

Upon this evidence it was claimed for plaintiff, under the rule declared in Lonergan v. Stewart, 55 Ill. 44, and Richardson v. Olmstead, 74 Ill. 213, that the transaction was a sale and not a bailment; that the title and risk were in the defendants and they were liable for the market price.

We understand, however, that independent of the provisions of the Constitution and statutes respecting public warehouses, it was competent for the parties to agree that the receivers might mix the wheat with other of the same grade, and hold for the deliverer and at his risk an equal amount of that grade, with or without compensation, until it should be called for by him or they should agree with him to take it as purchasers; and that the delivery under that arrangement would be only a bailment.

The rule referred to fixed the status and relations of the parties as an inference or application of law, from their acts unexplained, and does not forbid their express agreement rebutting such inference.

Piper testified very positively and circumstantially that such was the arrangement in this case; and that, as well as the provisions of the statute relating to public warehouses, was relied on as a ground of defense.    He further testified that they kept careful account of the quantity of No. 2 St. Louis wheat in the bin mentioned, and that there was constantly there, up to and at the time of the fire, the full amount

delivered by plaintiff, and that during all that time it was sub-
ject to his order; that they repeatedly tried to purchase it of
plaintiff, offering more than the current market price, but he
demanded more than was offered, and no purchase or agree-
ment to purchase was made.

Yet the court gave to the jury three instructions (4, 5 and
7) upon the theory of plaintiff, absolutely, and refused the
only one asked by defendants upon the hypothesis of the facts
testified to by Piper (the instruction numbered 8).

We think this was error. The judgment will therefore be
reversed and the cause remanded.

*Reversed and remanded.*